**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**FREDERICK D. SMALL**                                                             **PLAINTIFF**

**V.**                                                  **NO. 2:12CV036-D-S**

**DESOTO COUNTY, MS, et al.**                                        **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On May 10, 2012, the Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, the Plaintiff stated, with very little detail, that the Defendants interfered with or prevented him from pursuing post-conviction collateral review in state court. During the hearing, the Plaintiff explained that he pled guilty to burglary of a dwelling in state court. The Plaintiff unsuccessfully appealed his conviction. Following the failed appeal, he decided to pursue post-conviction relief. Planning to prepare his petition, the Plaintiff filed a motion in the Circuit Court of Desoto County asking for "records." He claimed that the Defendants refused to provide him with a copy of the records he needed to pursue habeas relief in state court. He further asserted that if he does not obtain the records soon, he will be barred by the statute of limitations from seeking such relief**.**

At the hearing, the Plaintiff admitted that W.E. Davis, who is the Clerk of the Chancery Court had no personal involvement in the alleged interference. In order to maintain a § 1983 claim, the Plaintiff must demonstrate the personal involvement of the Defendant in the alleged denial of constitutional rights or a casual link between the Defendant's conduct and the deprivation. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Based on his admission, Defendant Davis had no personal involvement or direct causal connection to this

matter. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). For this reason, Defendant Davis must be dismissed.

## Conclusion

It is the recommendation of the undersigned, therefore, that Defendant W.E. Davis be dismissed based on the Plaintiff's failure to state a claim against him. Process shall issue for the remaining Defendants as to the Plaintiff's claim for denial of access-to-the-courts.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 15th day of May, 2012.

    /s/ Dave Sanders
UNITED STATES MAGISTRATE JUDGE